UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SHELENE CONNOR GALLAGHER, | ) |
| | ) Case No. 1:18CV1850 |
| Plaintiff, | ) |
| v. | ) |
| | ) MAGISTRATE JUDGE DAVID A. RUIZ |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) MEMORANDUM AND ORDER |

Plaintiff Shelene Connor Gallagher ("Gallagher" or "claimant") challenges the final decision of Defendant Commissioner of Social Security ("Commissioner"), denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381 *et seq*. ("Act"). This court has jurisdiction pursuant to 42 U.S.C. § 405(g). This case is before the undersigned United States Magistrate Judge pursuant to the consent of the parties. For the reasons set forth below, the court finds that substantial evidence supports the Commissioner's final decision and it is affirmed.

**I. PROCEDURAL HISTORY**

On May 12, 2015, Gallagher filed an application for SSI benefits alleging disability beginning April 14, 2014 (as amended). (R. 10, Transcript ("tr."), at 16, 159-161, 182-195.) Her application was denied initially and upon reconsideration, and Gallagher requested a hearing before an administrative law judge ("ALJ"). (*Id.* at *Id.* at 16, 75-89, 90-104, 122-123.)

Gallagher participated in the hearing on July 19, 2017, was represented by counsel, and testified. (*Id.* at 36, 37-51.) A vocational expert ("VE") also attended the hearing and testified.

1

(*Id.* at 36, 52-54.) On February 21, 2018, the ALJ found Gallagher was not disabled. (R. 10, tr., at 16-28; *see generally* 20 C.F.R. § 416.920(a).) The Appeals Council denied Gallagher's request for review, and the ALJ's decision became the Commissioner's final decision. (R. 10, tr., at 1-3.) Gallagher's complaint seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). The parties have completed briefing in this case. Although claimant had counsel at the hearing, Gallagher is now representing herself, and did not present a traditional brief to the court. *See generally* R. 1-2, R. 15. The Commissioner contends that she has waived any challenge because she has not identified an error in the ALJ's findings and has not alleged the final decision failed to follow the correct legal standards. (R. 16, Page ID #: 816.)

## II. PERSONAL BACKGROUND INFORMATION

Gallagher was born in 1964, and was 51 years old, which is defined as an individual closely approaching advanced age, on the application date. (R. 10, tr., at 26, 159, 182.) She has at least a high school education and is able to communicate in English. (*Id.* at 26, 186, 188.) Gallagher had no past relevant work. (*Id.* at 26, 51.)

## III. RELEVANT MEDICAL EVIDENCE[1]

Disputed issues will be discussed as they arise in Gallagher's brief alleging error by the ALJ. As noted earlier, Gallagher applied for SSI benefits on May 12, 2015, alleging disability beginning January 4, 2013. (R. 10, tr., at 16, 159-161.) She listed her physical or mental conditions that limit her ability to work as: "back injury, shoulder injury, hip injury, arthritis; bone disorder; hypertension." *Id.* at 187.

---

[1] The summary of relevant medical evidence is not intended to be exhaustive. It includes only those portions of the record cited by the parties and also deemed relevant by the court to the assignments of error raised.

2

State agency consulting physician Gerald Klyop, M.D., completed a "Physical Residual Functional Capacity Assessment" on August 11, 2015. (R. 10, tr., at 85-86.) Dr. Klyop determined Gallagher was capable of light work (as defined in 20 CFR 416.967(b), that is, lifting no more than 20 pounds at a time, with frequent lifting of up to 10 pounds), with the ability to stand or walk about six hours, and the ability to sit for more than six hours, of an eight-hour workday. *Id.* at 85. Gallagher is not otherwise limited in her ability to push or pull with her legs. *Id.* at 86. Dr. Klyop opined that Gallagher can occasionally climb ramps or stairs; can never climb ladders, ropes, or scaffolds; and can occasionally balance, stoop, kneel, crouch, or crawl. *Id.* These exertional and postural limitations were based on her degenerative disc disease of the left spine and right knee crepitus. *Id.* Dr. Klyop did not assess any manipulative, visual, communicative, or environmental limitations. *Id.*

On reconsideration dated March 10, 2016, state agency reviewing physician Elizabeth Das, M.D., expressed complete accord with Dr. Klyop's RFC assessment. (R. 10, tr., at 100-101.) In addition, Dr. Das noted that claimant reported being diagnosed with rheumatoid arthritis about seven years previously, but the rheumatoid factor from 2010 was negative. *Id.* at 101. Dr. Das stated that claimant reported only intermittent numbness and tingling in her right hand. *Id.* "Updated TS records from pain management do not document any significant change in her neuro/phys exam." *Id.*

On July 6, 2017, Jack Rutkowski, M.D., completed a "Medical Source Statement: Patient's Physical Capacity." (R. 10, tr., at 736-737.) Dr. Rutkowski indicated that Gallagher could lift no more than ten pounds occasionally, and less than five pounds frequently, due to her degenerative disc disease and bilateral shoulder arthritis. *Id.* at 736. She was limited to standing or walking less than two hours total, in an 8-hour workday, and less than 30 minutes at a time;

3

and limited to sitting less than one hour total, and less than 30 minutes at a time, due to her herniated lumbar disc and arthritis of the spine. *Id.* These same medical conditions limited her ability to climb, balance, stoop, crouch, kneel, or crawl, to "rare." *Id.* The doctor assessed that claimant could occasionally reach, frequently use fine or gross manipulation, and rarely push or pull. *Id.* at 737. Environmental limitations included no heights, moving machinery, or pulmonary irritants. *Id.*

Dr. Rutkowski marked on the form that Gallagher had been prescribed a cane, a walker, a brace, a TENS unit, and a wheelchair. (R. 10, tr., at 737.) He indicated that claimant would need to be able to alternate positions at will between sitting, standing, and walking. *Id.* The doctor indicated Gallagher experienced extreme pain, that would interfere with her concentration, take her off-task, and cause absenteeism. *Id.* The doctor marked that claimant would need to elevate her legs at will, 90 degrees, and that she would require an unspecified number of additional, unscheduled rest periods beyond the standard thirty-minute lunch break and two fifteen minute breaks. *Id.*

**IV. ALJ's DECISION**

The ALJ made the following findings of fact and conclusions of law in the February 21, 2018, decision:

> 1. The claimant has not engaged in substantial gainful activity since May 12, 2015, the application date (20 CFR 416.971 *et seq.*).
>
> 2. The claimant has the following severe impairments: degenerative disc disease and alcohol abuse disorder (20 CFR 416.920(c)).
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925, and 416.926).

4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except can occasionally use a ramp or stairs, but never a ladder, rope, or scaffold; can occasionally balance, stoop, kneel, crouch, and crawl; no manipulative limitations; no communication deficits; and should avoid entirely dangerous machinery and unprotected heights.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on *** 1964, and was 51 years old, which is defined as an individual closely approaching advanced age, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969, and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since May 12, 2015, the date the application was filed (20 CFR 416.920(g)).

(R. 10, tr., at 18, 20, 26, 27.)

**V. DISABILITY STANDARD**

A claimant is entitled to receive SSI benefits only when she establishes disability within the meaning of the Social Security Act. *See* 42 U.S.C. §§ 423, 1381. A claimant is considered disabled when she cannot perform "substantial gainful employment by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 416.905(a).

Social Security Administration regulations require an ALJ to follow a five-step sequential analysis in making a disability determination. *See* 20 C.F.R. § 416.920(a); *Heston v.*

5

*Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001). The Sixth Circuit has outlined the five steps as follows:

> First, the claimant must demonstrate that he has not engaged in substantial gainful activity during the period of disability. 20 C.F.R. § 404.1520(a)(4)(i). Second, the claimant must show that he suffers from a severe medically determinable physical or mental impairment. *Id.* §404.1520(a)(4)(ii). Third, if the claimant shows that his impairment meets or medically equals one of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, he is deemed disabled. *Id.* §404.1520(a)(4)(iii). Fourth, the ALJ determines whether, based on the claimant's residual functional capacity, the claimant can perform his past relevant work, in which case the claimant is not disabled. *Id.* § 404.1520(a)(4)(iv). Fifth, the ALJ determines whether, based on the claimant's residual functional capacity, as well as his age, education, and work experience, the claimant can make an adjustment to other work, in which case the claimant is not disabled. *Id.* §404.1520(a)(4)(v).
>
> The claimant bears the burden of proof during the first four steps, but the burden shifts to the Commissioner at step five. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

*Wilson v. Commissioner of Social Security*, 378 F.3d 541, 548 (6th Cir. 2004); *see also* 20 C.F.R. § 416.920(a)(4).

**VI. STANDARD OF REVIEW**

Judicial review of the Commissioner's benefits decision is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence. *Blakley v. Commissioner of Social Security*, 581 F.3d 399, 405 (6th Cir. 2009)*; Richardson v. Perales*, 402 U.S. 389, 401 (1971)*.* "Substantial evidence" has been defined as more than a scintilla of evidence, but less than a preponderance of the evidence. *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003); *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). Thus, if the record evidence is of such a nature that a reasonable mind might accept it as adequate support for the Commissioner's final

benefits determination, then that determination must be affirmed. *Wright*, 321 F.3d at 614; *Kirk*, 667 F.2d at 535.

The Commissioner's determination must stand if supported by substantial evidence, regardless of whether this court would resolve the issues of fact in dispute differently, or substantial evidence also supports the opposite conclusion. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This court may not try the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *Wright*, 321 F.3d at 614; *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). The court, however, may examine all the evidence in the record, regardless of whether such evidence was cited in the Commissioner's final decision. *See Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989); *Hubbard v. Commissioner*, No. 11-11140, 2012 WL 883612, at *5 (E.D. Mich Feb. 27, 2012) (quoting *Heston*, 245 F.3d at 535).

### VII. ANALYSIS

As mentioned earlier, although claimant had counsel at the hearing, she is now proceeding *pro se,* and did not present a traditional brief to the court. *See generally* R. 1-2, R. 15. In her complaint, Gallagher argues that the Commissioner "found I did not go to the Doctors on a timely manner. This is untrue." (R. 1-2, PageID #: 4.) Although she had counsel at the hearing, she contends the Commissioner did not have her full medical records. *Id.* In the Sixth Circuit, it is well established that "[a]bsent such special circumstances … the claimant bears the ultimate burden of proving disability." *Wilson v. Comm'r of Soc. Sec.*, 280 Fed. App'x 456, 459 (6th Cir. 2008); *see also Struthers v. Comm'r of Soc. Sec.*, 181 F.3d 104 (table), 1999 WL 357818, at *2 (6th Cir. May 26, 1999) ("[I]t is the duty of the claimant, rather than the administrative law judge, to develop the record" to provide evidence of claimant's impairments); *cf. Wright-Hines v.*

*Comm'r of Soc. Sec.*, 597 F.3d 392, 396 (6th Cir. 2010) (although an "ALJ has an inquisitorial duty to seek clarification on material facts," where a plaintiff is represented at a hearing by counsel, the failure to provide a factual record rests with the claimant).[2]

In her "Brief of Merit," Gallagher states, "My notice of denial stated on the first page that the denial was due to lapse in doctor appointments." (R. 15, PageID #: 807; *see generally* R. 10, tr., at 1 (June 11, 2018, Appeals Council Notice); 107 (Oct. 20, 2015, Notice of denial). The notices denying benefits, however, do not reference a lapse in doctor appointments as a reason for the denial. *See generally* R. 10, tr., at 1, 107. Along with her brief, Gallagher provides evidence stating that she has been a patient of Dhruv Shah, M.D., for pain management since August 19, 2014. (R. 15, PageID #: 809-810.)

The ALJ's decision recognized that Gallagher had severe impairments of degenerative disc disease and alcohol abuse disorder. (R. 10, tr., at 18.) The ALJ stated that "claimant continued to treat for her signs and symptoms of pain as of the time of the application date [May 2015]." *Id.* at 22. Reviewing her treatment, the ALJ found that "[t]reatment records reflect no sustained worsening in the claimant's signs and symptoms." *Id.* at 23. The ALJ also noted that treatment for her symptoms of impairment remained conservative, noting, among others, a September 14, 2016, evaluation with Dr. Shah. *Id.* The ALJ also cited a March 2017 evaluation with Dr. Shah in finding that Gallagher's signs and symptoms remained stable at that point in time. *Id.* at 24.

---

[2] A special, heightened duty requiring the ALJ to develop the record only exists when the plaintiff is "(1) without counsel, (2) incapable of presenting an effective case, and (3) unfamiliar with hearing procedures." *Wilson*, 280 Fed. Appx. at 459; *Staymate v. Comm'r of Soc. Sec.*, 681 Fed. App'x 462, 468 (6th Cir. 2017) (finding claimant's argument—that an ALJ had a "heightened" duty to develop the record where the claimant suffered from a mental impairment—unpersuasive due to claimant being represented by counsel). Here, while Plaintiff is *pro se* before this court, she was represented by counsel before the ALJ below.

The ALJ determined that claimant's statements about the intensity, persistence, and limiting effects of her symptoms were "inconsistent, because the level of limitation alleged is not entirely supported by the overall evidence." (R. 10, tr., at 24.) Nevertheless, the ALJ found that functional limitations were warranted, to avoid exacerbating her persistent lower back pain, to account for instability associated with her pain and muscle atrophy in her legs, and for her consistent use of pain medications. *Id.* at 25. These limitations were reflected in the residual functional capacity assessed by the ALJ. *Id.* at 20, 25.

The ALJ's decision, in discussing Gallagher's treatment with Dr. Shah, did not indicate that the record was missing relevant treatments records. *See, e.g.*, R. 10, tr., at 21, 22, 23-24. As noted above, the record does include treatment records with that doctor. The ALJ did indicate, however, that he afforded no weight to the medical statement from Dr. Rutkowski, because "the record reflects a gap in treatment between May 2015 and shortly before he provided his functional assessment in July 2017." *Id.* at 26. This was not the only reason the ALJ provided, however, for discounting that doctor's assessment:

> [Dr. Rutkowski] included no specific clinical findings to support the alleged limitations, and his treatment notes are little more than circles on a preprinted form (20F). Further, the level of limitation alleged is not consistent with the objective findings in the overall record, to include no evidence of use of an assistive device to ambulate, ability to perform heel/toe walking with minimal to moderate support, and findings of full lumbar and/or muscoloskeletal range of motion.

(R. 10, tr., at 26, citing MER.)

Although Gallagher's filings do not raise any specific legal errors in the Commissioner's final decision, the court finds that the ALJ provided good reasons for discounting evidence of disability submitted by the treating physician, Dr. Rutkowski. A treating physician's opinion is only entitled to controlling weight when the opinion is (1) "well-supported by medically

9

acceptable clinical and laboratory diagnostic techniques" and (2) "not inconsistent with the other substantial evidence in the case record." *Gayheart v. Commissioner*, 710 F.3d 365, 376 (6th Cir. 2013); *Blakley*, 581 F.3d at 406; *Wilson*, 378 F.3d at 544. In assessing Dr. Rutkowski's opinion, the ALJ provided good reasons—supported by evidence in the case record—that are sufficiently specific to make clear the weight assigned to the treating physician's opinion and the reasons for that weight. *See Gayheart*, 710 F.3d at 376; *Blakley*, 581 F.3d at 406-407.

Gallagher's brief attempts to cure a purported lack of medical records with proof of treatment by Dr. Shah. (R. 15.) As already discussed, there does not seem to be any question that the medical evidence of record includes treatment records from Dr. Shah, and the ALJ did not indicate that any such records were missing. The court does not find that the ALJ's denial of benefits was "due to lapse in doctor appointments," as Gallagher alleges (R. 1-2, R. 15), but rather was based on substantial evidence and a reasoned consideration of the evidence in the record. Plaintiff has identified no error in the ALJ's decision.

## VIII. CONCLUSION

For the foregoing reasons, the court finds that the Commissioner's final decision is supported by substantial evidence. The decision, therefore, is affirmed.

IT IS SO ORDERED.

s/ David A. Ruiz  
David A. Ruiz  
United States Magistrate Judge

Date: September 27, 2019